UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FELISSA ANN DAVIS,

        Plaintiff,

v.                                          21-CV-636 (JLS)

NIAGARA FALLS POLICE
DEPARTMENT and CITY OF
NIAGARA,

        Defendants.

---

## DECISION AND ORDER

*Pro se* Plaintiff Felissa Ann Davis submitted a complaint alleging civil rights violations by Defendants Niagara Falls Police Department and City of Niagara[1] based on alleged ongoing harassment, illegal surveillance, falsifying police reports, and covering up criminal activity against Davis, among other things. *See* Dkt. 1.

Davis also applied to proceed *in forma pauperis* ("IFP")—in other words, to proceed without paying the filing fee. Dkt. 2. The Court denied Davis's application to proceed IFP, finding that her failure to explain how she pays expenses or how she subsists—such as, for example, how she obtains housing and food—and her failure to disclose benefits she listed on another IFP application submitted to the Court

---

[1] Whether Davis intended to sue the Town of Niagara, or the City of Niagara Falls, does not alter the conclusions herein.

rendered her application incomplete and prevented the Court from assessing her ability to pay. Dkt. 4.

Davis then submitted an amended application to proceed IFP. Dkt. 5. The Court denied Davis's amended application, concluding that her illegible responses and failure to explain how she pays her expenses rendered her application incomplete and prevented the Court from assessing her ability to pay. *See* Dkt. 6.

Davis has now submitted a third application to proceed IFP. Dkt. 7. For the reasons that follow, the Court grants Davis's application and dismisses her complaint with leave to amend.

## DISCUSSION

### I. IFP Application

As explained in the Court's prior order, Dkt. 6, at 2–4, a litigant may ask to avoid the fees by moving for leave to proceed IFP. 28 U.S.C. § 1915(a)(1); *Humphrey v. U.S. Army Corps. of Eng'rs.*, No. 21-CV-1901, 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021) ("The federal *in forma pauperis* statute allows indigent litigants to file lawsuits without prepaying the filing fees."). The Court therefore assumes Plaintiff's familiarity with the standard for granting an application to proceed IFP. The Court also explained that it may dismiss a case that has been filed *in forma pauperis* if it "determines that the plaintiff's allegation of poverty is untrue." *Humphrey*, 2021 WL 1837791, at *1 (citing 28 U.S.C. § 1915(e)(2)(A)) (quotations omitted).

Davis's IFP application states that she is employed by Restoration Society, where her gross monthly wages are $2,200. Dkt. 7, at 1. She states that she receives SNAP benefits of $281 per month. *Id.* Davis also states that she has $260 cash on hand. *Id.* Davis's answers to the monthly expenses question show that her expenses exceed her income, but she does not explain how she makes up the difference.

The Court denied Davis's previous IFP application in part because she did not explain "how she supports herself." Dkt. 6, at 4. The Court cautioned Davis that her amended application "must contain complete and accurate responses to each question on the form[.]" *Id.* at 4–5. Although Davis's current application is more complete than her previous applications, it again does not give the Court a full picture of her financial situation. However, it is apparent that the burden of paying the fees for filing and service "would either hamper [Davis's] ability to obtain the necessities of life or force [her] to abandon [this] action." *Singer*, 2007 WL 1810085, at *1. Accordingly, the Court grants Davis's IFP application.

Although the Court continues to question whether Davis has been forthright, it does not appear that Davis is intentionally attempting to deceive the Court. In enacting section 1915, Congress recognized "that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute therefore directs federal courts to dismiss a claim filed IFP if the court "at any time" determines that "the allegation

of poverty is untrue," or is satisfied that "the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(A)–(B).

Davis therefore is cautioned that the Court will dismiss her cases[2] if at any time it determines that her allegation of poverty is untrue. Davis is further cautioned that the Court may revoke her IFP status if the Court determines that the "number, content, frequency, and disposition" of Davis's filings demonstrate "an especially abusive pattern, aimed at taking advantage of the IFP privilege." *Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 310–11 (D.C. Cir. 2008) (after determining that appellant had abused the privilege, the court revoked IFP, dismissed appellant's forty-four pending cases, and barred him from filing any future civil appeals without paying the required fees).

## II. Screening the Complaint

Because the Court has granted Davis permission to proceed IFP, it must screen her Complaint under 28 U.S.C. § 1915(e)(2)(B). Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[2] At last count, Davis has filed fourteen cases in the Western District of New York. In each case she has applied to proceed IFP.

In evaluating a complaint, the court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").

"[W]hen a liberal reading of [an otherwise deficient] complaint gives any indication that a valid claim might be stated," the usual practice is to grant leave to replead. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). But leave to replead may be denied where amendment would be futile, such as where "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86-7 (2d Cir. 1995).

Davis sues the Niagara Falls Police Department and the City of Niagara for "ongoing harassment, illegal surveillance, failure to [illegible] crimes against [her], falsifying police reports asserting crimes residing [at] 2938 with covering up criminal activity against [Davis] such as harassment, illegal surveillance and murdering of [her] pet." Dkt. 1, at 1. She seeks compensation of $5 million and requests "an investigation of Niagara Falls Police Department procedures, actions as related to ongoing civil rights violations against [her]." *Id.* at 8.

5

Davis alleges a "failure to record, investigate crimes committed by residents [at] 2938, who are known agents of Niagara Falls Police." *Id.* at 5. An Officer Dobrasz "failed to report crime and investigate claims of harassment[.] He fraudulently reported no crime when residents residing [at] 2938 continue[] to commit crimes against [her] and Niagara Falls Police refuses to enforce the laws/or investigate allegations." *Id.* at 6. "Members of Niagara Falls Police Department retired / active members stalk and harass in cars, etc." *Id.* Specifically, "on or about May 2020," police failed "to investigate crime regarding [Davis's] home security cameras being attempted to be knocked down." *Id.* at 7. "Niagara Police use[] their Italian heritage to intimidate, harass [Davis]." *Id.* at 4. State and federal agencies use their [illegible] contacts to block or deny resources to assist [Davis]." *Id.* They use "gang like tactics" to harass and intimidate her. *Id.* Police have illegally tapped her phone, interfered with her internet, and attempted to entrap her. *Id.*

A. **Niagara Falls Police Department**

"It is well-established that under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Perros v. Cty. of Nassau*, 238 F. Supp. 3d 395, 400 (E.D.N.Y. 2017) (internal quotation mark and alteration omitted) (quoting *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002)).

Accordingly, the Niagara Falls Police Department must be dismissed from

this action. *See Sathue v. Niagara City Police Dep't*, No. 17-CV-747-FPG, 2018 WL 550520, at *4 (W.D.N.Y. Jan. 25, 2018) (dismissing claims against Niagara Falls Police Department under 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous).

B.  **City of Niagara**

To assert a claim against the City of Niagara, Davis would need to plead a constitutional deprivation resulting from "action pursuant to official municipal policy." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)). Davis does not allege any facts from which a constitutional deprivation might be inferred nor do the allegations in Davis's complaint implicate a policy or custom of the City. Accordingly, the City of Niagara must be dismissed from this action.

C.  **Failure to Investigate**

Davis's claims center on her belief that the Police Department has not adequately investigated her complaints. "[T]he law is well settled that no private citizen has a constitutional right to bring a criminal complaint against another individual." *Lewis v. Gallivan*, 315 F. Supp. 2d 313, 316 (W.D.N.Y. 2004). ; *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (prosecutors, not citizens, have authority to decide whether or not to pursue criminal charges, thus there is no constitutional right to have someone criminally prosecuted); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (finding "no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved," such as where police fail to

protect against housing discrimination). Accordingly, Davis's dissatisfaction with the adequacy of any police investigation does not state a constitutional claim.

### D. Harassment

Although "abusive, arbitrary action by a government official" may "implicate Fourteenth Amendment protection," Davis does not allege egregious, conscious-shocking conduct by a person acting under color of state law. *Menghi v. Hart*, No. 02-CV-1085 (JS)(WDW), 2007 WL 9724976, at *8 (E.D.N.Y. Mar. 14, 2007) (denying motion for summary judgment by police officer that "subjected [the plaintiff] to an ongoing pattern of abuse, intimidation and harassment, which included [the officer's] appearance at [the p]laintiff's place of employment). Accordingly, Davis's harassment claim is subject to dismissal for failure to state a claim.

## CONCLUSION

The Court finds that the factual allegations in Davis's Complaint fail to state any cognizable claims under federal law. In making this determination, the Court interpreted Davis's pleading to raise the strongest arguments they suggest, *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011), but found no potentially viable claims.

To wit: the Niagara Falls Police Department cannot be sued in its own name; there are no allegations suggesting a constitutional violation or that any harm was caused by a policy or custom of the City of Niagara; Davis does not have a constitutional right to a police investigation; and her allegations of harassment do not state a substantive due process claim in part because she does not allege conscious-shocking conduct by a person acting under color of state law. Because

Davis's claims are based on indisputably meritless legal theories and her factual allegations are such that *this* Court cannot conceive of better or more specific pleading that would cure them, dismissal without leave to replead would be appropriate.

However, in light of the Second Circuit's preference that *pro se* litigants be granted at least one opportunity to replead, the Court will permit Davis to file an amended complaint. *See, e.g., Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d Cir. 1988) (cautioning district courts that *sua sponte* dismissals will be affirmed only where *the Second Circuit* can conceive of no set of facts that could support the plaintiff's claim); *accord Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017) (summary order) (highlighting the "extraordinary circumstances" that warrant dismissal without leave to replead).

Davis is advised that an amended complaint **completely replaces** her Complaint and "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, an amended complaint must include all of the allegations against each Defendant so that it may stand alone as the sole complaint in this action that Defendants must answer. Davis must name the individuals whom she seeks to include as defendants in this action in both the caption and the body of the amended complaint, and the amended complaint must assert claims against each and every Defendant named in the amended complaint. If Davis does not know the name of a defendant, she may name that individual as a John or Jane Doe defendant but, if she does so, she must

provide sufficient information to enable the John or Jane Doe defendant to be identified.

This action will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) unless Davis files an amended complaint no later than **December 27, 2024**, in which she includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

## **ORDER**

IT HEREBY IS ORDERED that Davis's application to proceed *in forma pauperis* is GRANTED; and it is further

ORDERED that Davis is granted leave to file an amended complaint as directed above by no later than **December 27, 2024**; and it is further

ORDERED that the Clerk of Court is directed to send to Davis with this Order a copy of the original Complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Davis does not file an amended complaint as directed above, the Complaint shall be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b); and it is further

ORDERED that if the Complaint is dismissed because Davis has not filed an amended complaint, the Clerk of Court shall close this case as dismissed with prejudice without further order; and it is further

ORDERED that in the event the Complaint is dismissed for failure to state a claim, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any

appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals *in forma pauperis* is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that Davis shall notify the Court in writing if her address changes. The Court may dismiss the action if Davis fails to do so.

SO ORDERED.

DATED: November 12, 2024
Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE